UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Charles L. Taylor
& Beverly A. Taylor,

Debtors

Chapter 13
Case No. 18-20421

# ORDER GRANTING IN PART FIRST INTERIM APPLICATION
# OF MOLLEUR LAW OFFICE FOR COMPENSATION OF LEGAL SERVICES

Molleur Law Office filed the First Fee Application dated March 21, 2019 [Dkt. No. 35] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of timely objections or other responses to the Fee Application, the Court has reviewed the Fee Application and the docket in this case.

The Fee Application is granted in part on the terms set forth in this order. Molleur Law Office is awarded $7,455.00 as reasonable compensation for actual, necessary services rendered between January 30, 2018 and March 21, 2019, and $352.40 as reimbursement for actual, necessary expenses, for a total award of $7,807.40. This award is made under 11 U.S.C. § 330(a)(4)(B) and, to the extent applicable, 11 U.S.C. § 329.

By making this award, the Court disallows the firm's request for an additional $700.00 in fees. The Court will not award compensation for services that were not performed within a reasonable amount of time commensurate with the complexity of the task addressed. For example, the billing detail shows that "EVI" billed 0.20 hours on June 11, 2018 for preparation of the firm's 2016(b) statement and then billed another 0.20 hours on July 20, 2018 for the

completion of that statement. The statement is a form that cannot have reasonably taken 0.40 hours to prepare and complete. *See also* (entries on July 27, 2018 regarding preparation and completion of the tax and DSO certifications). The reduction is also intended to deny compensation for clerical tasks that should not be billed at professional or paraprofessional rates. *See, e.g.,* (entry on July 27, 2018 for docketing and preparation of welcome letter to clients); (entries on August 30 and 31, 2018 for reviewing and providing documents to trustee). Finally, the reduction is intended to disallow compensation for tasks that were neither necessary to the administration of the case nor beneficial at the time such services were rendered. For example, "EVI" appears to have maintained a practice of reviewing each proof of claim filed in the case on or about the date of filing, only to have her review followed up later by another paralegal and an attorney in preparation of the Motion to Allow and Disallow Claims. Although it may have been reasonable for someone at the firm to open the claims on the register as they were filed, the Court is not convinced that it was reasonable for the firm to bill paraprofessional rates at minimum 0.10-hour increments for an initial proof of claim review that was bound to be repeated later. As the Court has observed in other cases, it is not appropriate for counsel to seek compensation for tasks that only take a few seconds to complete and that do not involve any legal judgment or skill. *See, e.g.,* In re Straka, No. 14-10611, 2018 WL 3816896, at *2 (Bankr. D. Me. Aug. 9, 2018). In sum, the reduction from the fees requested brings the total fees allowed in this case to date in line with a reasonable amount in light of the complexity of the issues and the nature of the case.

If Molleur Law Office files a notice on the docket by 5:00 p.m. on April 24, 2019 requesting an opportunity to respond to the concerns articulated in this order at the hearing scheduled for April 25, 2019, then this order will not become effective, and the hearing will go

- 3 -

forward.  If Molleur Law Office does not file such a notice by such time, this order will take effect on April 25, 2019, and the Court will cancel the hearing.

Dated:  April 19, 2019

*/s/ Michael A. Fagone*
Michael A. Fagone
United States Bankruptcy Judge
District of Maine